The issue in this case deals with the question of the legal standard relied upon by the Veterans Court for substantial justification under the Equal Access to Justice Act. In this case, the court below acknowledged that the remand in this case was required for consideration of lay evidence of record. That was the legal error in this case. The Veterans Court relied upon a legal standard that allowed them to find substantial justification based upon a newly articulated rule of law. There is no question in this case that the Veterans Court articulated a new and expanded interpretation of the VA's duty to assist. However, that is not a bar to compensation under substantial justification, and that is not the legal standard for substantial justification. If, in fact, the board had relied upon this heretofore unknown expanded duty to assist, there would have been no error because there simply was no rule of law that required that expanded duty to assist. To the contrary, had they relied upon that, they would have given the medical examination that Mr. Chotta was seeking. The fact was is that this board decision violated well-established rules concerning the weighing and consideration of lay evidence. That was the error in this case. Had the VA, excuse me, had the court not relied upon that and simply articulated an expanded duty to assist, then Mr. Chotta would not have been able to prevail under the standard for prevailing party. But the Veterans Court in this case clearly said that it was undisputed that Mr. Chotta was the prevailing party. Well, if it was undisputed that he was the prevailing party, he prevailed on one issue only, and that was that the board had failed to consider the lay evidence. Now, clearly the Veterans Court in this case looked to the question of the breadth of the duty to assist. Isn't it a question as the Veterans Court viewed it, the majority of the Veterans Court viewed it, a question of reliance on lay evidence for what? Was it as the majority, as I understood the majority to interpret, the majority of the fees panel to interpret the decision of the merits panel to be reliance, what was required by the new rule was that the board consider the lay evidence with an eye towards determining whether a retrospective medical opinion would be necessary. Judge Kessel viewed it differently and said, in his view, the merits panel saw two issues, one of which was the one you've just been discussing, whether it was error to treat the lay evidence, not to give credence to the lay evidence in the first place, and the second issue being the new issue dealing with the duty to assist. But if the majority was correct in reading the earlier merits panel's decision, then there isn't any basis for finding error under the old rule, is there? I believe there is, Your Honor, because there was heretofore no correlation in the case law between the board's obligation to consider lay evidence as part of the entirety of the evidence to go towards what the appropriate rating should be. The expansion in this case was the duty to assist to consider that lay evidence as part of a preliminary or threshold determination as to whether or not that lay evidence alone would have supported a higher rating. And if they found that it did not or they were unsure of the meaning of that, then and only then, under this expanded duty to assist, does this decision require the VA to get a retrospective medical opinion. So it is a predicate upon the consideration of lay evidence in the first instance, which was the error of law made in this case. And therefore, the rule or the bar to compensation based upon substantial justification can't be utilized simply because the panel in this case decided to expand the duty to assist. The duty to assist is a separate statutory basis. And this case expanded the VA's duty to assist. But independent of that was a board error in failing to consider that lay evidence. At the bottom of page 6 of its decision, the court's decision, no, I'm sorry, the VA's decision, the Veterans Court's decision that's on the field here. The fees decision or the merits decision? The fees decision, not the merits decision. It says the court acknowledges that the remand in this matter was to the board for reconsideration of the lay evidence of record. That's the error. And that's the error under EJIA that you determine whether there was or was not substantial justification. But the key question is, is it not, whether that is an independent error, independent of the duty to assist. It most certainly is. As opposed to simply part of the new analysis of the duty to assist as applied to a factual scenario such as this. And the legal question in this case is, can you create a new duty to assist, or excuse me, can you create a new rule of law that expands an existing rule of law, consideration of lay evidence, and then use the second prong, the expanded prong, to deny benefits under EJIA based upon substantial justification? Well, but if the first prong didn't exist until the second prong was created, i.e., if the duty to consider lay evidence in a setting such as this is dependent on the creation or the expansion of the duty to assist to a setting such as this, then the whole thing is wrapped up in the new rule. And it strikes me as this next sentence after the one that you read, the court says, the remand, the remand of the merits panel, however, was clearly conditioned upon the announcement and application of the new law expressed in the underlying opinion, which pretty clearly seems to say the only reason this case was not affirmed, i.e., it was remanded, was because of the new rule. And if that's so, where's the independent error? The independent error is that that implicit assumption that it would not have been remanded is simply fundamentally flawed. It's flawed under the jurisprudence of both the veterans court and this court concerning the consideration of lay evidence. That lay evidence was required to have been considered by the board in regards to the appropriate initial rating to be assigned. And the court found that the board had not considered that lay evidence. And once they made that finding, that finding was the error that was committed. I'm sorry, did you have a question? I was going to ask you if, in fact, the law was changed and they reconsidered it based upon a new law, why is that not justifiable? The original position that was taken by the secretary. Because it wasn't a matter of reconsideration, Your Honor. The sentence that Judge Bryson just read, after the sentence that you had pointed out, the application of the new law expressed in the underlying opinion. So they're referring to the duty to assist.  So on that basis, isn't that the new law that they're referring to? And that was the new law that was in opposed after the original decision that was made? And if that were the case, it would negate the previous finding that prevailing party was not in dispute. Because if this was a new law, never previously articulated, then he could not have been a prevailing party and could not have been entitled to go to the second step. Well, he prevailed in that he won on the fairly important legal issue that he presented, which was whether this duty to assist extended to this whole category of cases. So in that sense, he was a prevailing party, right? Well, not under the case law. The case law says that you're not a prevailing party if your decision creates new law. No. If I go to the Supreme Court and I have a new theory of equal protection, which no one has ever won on before, and I win, then in every sense of the word, I have prevailed. Now, I may not get fees against the government, because they'll come back and say, our position was supported by 11 circuits. But I've prevailed under each other. There's no question. I'm a prevailing party. The case law relied upon in this case says the opposite, that the decisions that are based upon a newly articulated or a change in the law. This would clearly be a change in the law. That change in the law does not entitle you to prevailing party status. Well, it does entitle you to fees, maybe. Because you're not the prevailing party. Because the government's position was not reliant upon that law, because it didn't exist. But the law that did exist was the consideration of lay evidence. And that's the part of this rhodium knot that can't be separated. Now, that is a fundamental error of law on the part of the board for failing to consider the lay evidence. But there was no issue as to the prevailing party was whether or not the government's position was justified. That's correct. Under the old law. I beg your pardon? Under the old law. And the question is, under which old law? On the old law as it relates to consideration by the board of lay evidence, or old law as it related to duty to assist? And to me, these are inextricably intertwined, and there is no basis under the standard for substantial justification to be segregating these. In other words, he prevailed because of the board's error. And the board's error, as acknowledged, was the failure of the board to consider the lay evidence. And then they went the next step and said, because we've conditioned this upon our new interpretation, our expanded interpretation of the VA's duty to assist, the board was substantially justified. How could they be substantially justified? They didn't know that this existed. Now, clearly at the litigation side, the government may have been substantially justified, but you certainly can't substantially justify the administrative position. This didn't exist. But what did exist was the obligation to consider the lay evidence. I see that I'm into the time I've reserved. If you will, we'll save you a rebuttal time, Mr. Carpenter. Thank you very much. Mr. Maycock. Thank you, Your Honor. May it please the Court. This Court has repeatedly held that it does not possess jurisdiction to entertain challenges to a determination that the government's position was substantially justified in an appeal from the Court of Veterans Claims because such a challenge is a matter that necessarily involves questions of fact and applications of law to fact. In Clemens v. West, Carpenter v. Gober, Bowie v. West, and Stilwell v. Brown, this Court affirmed that consideration. Accordingly, in this case, this Court does not have jurisdiction to consider the petitioner's allegations. You're saying that we can't reweigh the facts in order to determine whether or not there was substantial justification. Is that right? And, therefore, that no question under aegis can be brought because that is a necessary predicate? No question of substantial justification. Questions under aegis, of course, can be brought, and there are a number of cases in which this Court has considered, as a matter of law, a number of determinations related to aegis. But substantial justification is a critical parameter of every aegis case. And that is a part of the determination, but it necessarily, again, involves a question of fact or an application of law to fact. That's why I asked if your position is that the entire issue, thus, since it requires determining that there was not substantial justification, you're saying that these cases can't be brought to this Court at all? If they're based upon substantial justification, yes. Based upon a challenge to substantial justification. A plaintiff could, or a petitioner could, bring a case where they challenged a ruling of law with regards to, say, their prevailing party status. And where it's conceded that the government's case was not substantially justified? That would also be a case. Or where the Veterans Court previously held that the government's case was not substantially justified, but perhaps there wasn't a prevailing party. Ultimately, as in Bowie v. West, if there's no substantial justification determination because a different threshold determination has been made and the Veterans Court hasn't gotten to that issue, the appropriate case, of course, would be to remand to the Veterans Court to ultimately determine the factual question of substantial justification. Can you help me with the discussion that Mr. Carpenter and I were having? I think one of the two of us has got to be wrong. It's a zero-sum game. One of us is right and the other is wrong. I don't know which. About what a prevailing party is. My understanding has been, always, under IJIA, that you are a prevailing party if you win on the merits in the merits dispute. Then we move to the question as to whether the government, the losing party, the non-prevailing party, was substantially justified in the position that it advanced, notwithstanding that it was a losing position. Now, Mr. Carpenter suggests that's not the right definition of prevailing party, and I had always understood the contrary. What's your understanding? Your Honor, I have the pleasure of agreeing with you. The question of prevailing party is different from the question of substantial justification. If you win your case, you are generally a prevailing party. There are a couple of circumstances in which you might not get prevailing party status. For example… Did you win only a tiny bit of your case as opposed to losing the great bulk of it, etc., etc.? Well, go ahead. Give me your examples. Well, that's a good example. Another example might be in a case where you're effectively barred by the catalyst theory, as this Court's decision in Brickwood, or where the Court has retained jurisdiction. You won a remand, but the Court, instead of releasing jurisdiction, maintained jurisdiction. In those cases, you don't get prevailing party status. But you have no question, I take it, that Mr. Chadha was and is the prevailing party in this case for the purpose of Egypt. Yes, and the government conceded that Mr. Chadha was a prevailing party in this case. So the prevailing party question was not the issue before the Veterans Court. The central issue before the Veterans Court was, was the government substantially justified? In other words, was the government reasonable in its argument? Or, as the Supreme Court has put it, justified in the main or justified to the degree that could satisfy a reasonable person in taking its position, both at the administrative level and at the litigation level? Okay, now what do you say about Mr. Carpenter's argument that, notwithstanding the new rule with respect to the duty to assist, there was still, even under the old law, there was an error in the refusal to credit lay testimony? That is plainly incorrect. At pages 133 to 136 of the Joint Appendix, the Board does discuss lay evidence and finds lay evidence competence. It is discussing that lay evidence, of course, in the context of determining if higher rating is justified. It is not, of course, considering lay evidence in the context of what was not an existing rule at the time pursuant to the duty to assist. Now the, as I'm sure you know, in that, on page 133, that there's a passage that seems perhaps a little bit, there's at least a little bit of incongruity in the passage. It starts at about line 10 of page 133 that, let's see, the opinions and observations of the veteran and his family members alone cannot meet the burden imposed by the rating criteria, saying that neither he nor his family members have the medical expertise that would render competent statements concerning the severity of his service-connected psychiatric disability. That sounds like it's saying that that lay evidence is not competent. And then three lines later, we're told that statements submitted by the veteran and his family members qualify as competent lay evidence. What do you make of what the Board is saying in that passage? Because it seems to be saying that there's at least some tension between those two statements. But at the same time, I think that those statements are consistent with this Court's holding in the John Droe case because in the John Droe case, this Court determined that a lay evidence may be competent in a number of fashions. It can't simply be rejected out of hand. But in footnote 4, it contrasts lay evidence, which would be competent, be able to identify, perhaps competent is a wrong word, be able to identify a broken leg, but at the same time, lay evidence might not be able to identify cancer. That lay evidence, of course, can subsequently become competent if, in accordance with John Droe, it's supported by a later medical diagnosis or if it's against a symptom which that lay evidence is competent to identify. Now, in the case of psychiatric disability, and that's of course the case that we're talking about here, the Board is saying that the opinions and observations of a veteran cannot be competent, I'm paraphrasing here a bit, with respect to determining the severity of his psychiatric connection or his service-connected psychiatric disability. Now, that suggests a pretty broad rule, right? I mean, do you think that's the correct rule post-Jandra? I don't think that's the correct rule now. I think this Court's ruling in Davidson and John Droe make clear that, as an overall matter, questions of severity can be competent. I think the choice of language in the Board's opinion is unfortunate and reflects that it precedes this Court's decision in Jandra. But I think if you look at the remaining substance of what they did, they did look at that evidence in context of determining overall both symptoms and severity. They weighed the lay evidence. They considered a number of factors, including his relationships with his family and the testimony and considerations of his family in terms of their relationship. This was pre-Jandra? This was pre-Jandra, yes. That is correct, Your Honor. What year was Jandra? 2008 or something like that? 2009, 2007. I do not recall that, Your Honor. Okay. So why isn't Judge Kessel correct in his dissent, saying, in essence, that was the reason for the remand, to re-weigh the lay evidence that was submitted? Well, he's incorrect because the Board did weigh the lay evidence on page, again, 133 to 136. So it's incorrect as a matter of the Board's decision. He also makes an error in attempting to say that there were two reasons, as though there are two ways to view substantial justification, and seeking to have the Veterans Court almost bifurcate the analysis. The Supreme Court has held in Commissioner of INS v. John that the substantial justification analysis is a single analysis. You consider all the factors and you make one decision. Either the government is substantially justified or the government is not substantially justified. The government is not partially substantially justified or substantially justified on only one issue in the case. It's one determination for a specific case. So to the extent that he seeks to have almost two different rulings, saying that the Veterans Court remanded for one reason, for two different reasons, and we should consider substantial justification and the payment of attorney's fees under EJA under two different reasons for remand, that is inconsistent with Supreme Court precedent on EJA. You know, I found Judge Kessel's analysis of the earlier opinion to be at least arguable. I mean, maybe even to have the better of the argument. But what struck me is that one of the things that you give a court a great deal of leeway on is its characterization of its own judgments. This is a case in which the Court of Appeals for Veterans Claims is being asked to say what its own judgment said. And it would be, it strikes me as being a little bit aggressive for us to say, oh no, Judge Lance, you didn't know, you and Judge Green were wrong about what you regard as your earlier ruling. Setting aside the question of whether that's a factual determination or not, that would be hard to do in anything less than the most clear-cut case, I would think, wouldn't you? Your Honor, I would agree that the Veterans Court is especially competent to determine the reasons that it remanded a case. Even if it ends up disagreeing by a two-to-one vote? Yes, Your Honor.  That's correct, Your Honor. In a three-judge opinion, the majority does rule the same. Two to one. Two to one. Okay, any more questions? Any more questions for Mr. May? Thank you, Mr. May. Thank you very much, Your Honor. Mr. Carpenter. Please, Your Honor, I'd like to direct the Court's attention to page 153 of the merits decision below. All right. And at the top of the page, it's discussing the problems with the Board decision. And it specifically says that the lay testimony in this case reveals that the appellant reported a history of domestic violence and strained relationships with his family. The appellant also stated that he was forced to quit a job because of his, quote, nerves, and that the, quote, stress and strains of his condition would actually make him physically ill. The appellant's sister also submitted statement reporting that after the appellant returned home from service, he was unable to sleep. She stated that he would hear a train and run through the house screaming. She also stated that after the appellant was married, he was short-tempered and continued to struggle with his mental condition. The Court made no determination about the significance of those statements, but started its analysis with, after consideration of the evidence gathered, the Board must assess whether the claim can be rated on the available evidence. And then it indicates that, however, to the degree that lay evidence was competent to give testimony regarding the occupational and social impairment, the Board should assess and weigh the credibility of such statements contained in the record. The clear implication is, is they didn't do that. And the reason that that's a clear implication is if you go to page 155 of that same decision, it says in describing the appellant's argument below that it relied exclusively on the Haynes case to support his argument that the Secretary had failed to satisfy his duty to assist in developing medical evidence, the Court was not persuaded that the Board clearly erred. Nonetheless, the Board failed to consider the lay evidence of record regarding the appellant's observable PTSD symptoms. Now that's the error, and that error was, in the view of this panel, compounded by a limitation inherent in the government's position on the breadth of its duty to assist, and expanded the duty to assist to include the potential of a retrospective medical opinion. This Court's decision in Bowie says that a substantial justification determination must be based upon the evidence that existed at the time the decision was made. Well, the argument you're making is essentially Judge Cassell's argument. That's correct. You're just reading the, and as I said earlier to your opposing counsel, I think there's some force to Judge Cassell's analysis. There's also, I think, to be fair, some force to Judge Lance's analysis, because if you read the section you read from as part of a three-part discussion, all of which is prefaced by a reference to the duty to assist statute. So it's in the context of the duty to assist. So it's not at all clear to me, at least, that this is an independent freestanding violation by the Board. But in either event, here's what gives me the hardest time with this case, with the appeal in this case, and that is what we're really being asked to do is to say that a court, which has now had an opportunity to say what its judgment means, and has said what its judgment means, albeit by two-to-one vote, we, a different court, are being asked to say conclusively that that court is wrong in its characterization of that judgment, because the characterization of the judgment given by Judge Lance is that there was no independent freestanding violation. It was all wrapped up in the duty to assist, as I read his analysis. Respectfully, Your Honor, I disagree. Disagree with which part? I said a lot of things. The last part, which is that this appeal has something to do with you reassessing what was done below. What this appeal asks this court to do is to look at the nature of substantial justification and to look at the expanded duty to assist and determine whether or not that newly created expansion can be a preclusion based upon substantial justification. And I'm saying to Your Honors that under Bowie, that didn't exist. And if it didn't exist at the time that the Board took its administrative position and it's conceded that there was a prevailing party by Mr. Choda in this case, then it seems clear to me that the substantial justification has to be based upon the existing law at the time that the position was taken. And the position that was taken by the Board in this case was relevant to the relevance of the lay evidence. They clearly didn't use that lay evidence and, as you quoted, said it wasn't competent for the purpose. And that's simply wrong. Mr. Carpenter, one question before you sit. What about the jurisdictional aspects? Why isn't this law being applied to the facts and trying to determine substantial justification? We have cases that say that. Why do we have jurisdiction over this issue rather than an application of law to facts? Because the facts in this case are not disputed. There are no disputed facts in this case. This Court can examine the undisputed facts, which are the nature of the merit decision, and whether or not that merit decision, based upon what the Board did, provides a basis for a finding at law of substantial justification based upon the expansion of the duty to assist. And, to me, it simply can't because that law didn't exist at the time the Board's decision was made. Okay. Any more questions? Thank you very much, Your Honor. Thank you, Mr. Carpenter and Mr. Bader. The case was taken under submission.